## NEWSOM *v.* SMYTH, SUPERINTENDENT, VIRGINIA STATE PENITENTIARY.

No. 116.  Argued January 16–17, 1961.—Decided March 27, 1961.

*Armistead L. Boothe,* acting under appointment by the Court, 363 U. S. 833, argued the cause and filed a brief for petitioner.

*Reno S. Harp III,* Assistant Attorney General of Virginia, argued the cause for respondent.   With him on the brief was *A. S. Harrison, Jr.,* Attorney General.

PER CURIAM.

A writ of certiorari to review the judgment of the Supreme Court of Appeals of the Commonwealth of Virginia was granted in this case, 363 U. S. 802, in the belief that it duly presented for the Court's consideration the question whether the Due Process Clause of the Fourteenth Amendment to the Federal Constitution requires that the State must, in appropriate circumstances, appoint counsel to assist an indigent prisoner under sentence of conviction for a state crime in prosecuting his appeal.   After hearing oral argument, and upon full consideration of the case, we find that the record does not adequately establish that the Virginia

court found or was required to find that there was presented to it the federal claim on which the case was brought here. The case thus fails to present a federal question, and the writ must be dismissed as improvidently granted.

*So ordered.*

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUSTICE and MR. JUSTICE BLACK concur, dissenting.

In April 1953 petitioner was found guilty of murder in the first degree and was sentenced to life imprisonment in the state penitentiary. At the trial, petitioner had been represented by counsel, although at allocution he had complained that his counsel had failed to present relevant evidence. On April 18, 1953, petitioner wrote to the trial judge at his trial,[1] noting an appeal within the time allowed therefor under Virginia law. In a second letter written five days later,[2] petitioner requested "that

[1] "April 18, 1953
"Honorable M. Ray Doubles
"Hustings Court Part II
"Richmond 24, Virginia
"Your Honor:
"In lue of any known action on the part of my attorney, I am taking this method of respectfully noting an appeal from the 'life sentence' imposed upon me in your Court on April 10, 1953.
"I will within the alloted time attempt to get Counsel to complete the appeal."

[2] "April 23, 1953
"Honorable Mr. Ray Doubles
"Hustings Court Part II
"Richmond, Va.
"Your Honor:
"Due to circumstances beyond my control, I have been unable to complete arrangements with an attorney to complete my appeal.
"Therefore, I respectfully request that you appoint me counsel to appeal my case to the State Supreme Court of Appeals."

you appoint me counsel to appeal my case to the State Supreme Court of Appeals." To neither letter did he receive any reply. He took no further steps to appeal his conviction.

In January 1959 he filed in the Virginia court a petition for a writ of *habeas corpus.* The Law and Equity Court of Richmond concluded that the petition did not allege "a failure of the trial court to accord to the accused those procedural safeguards guaranteed to him by the state and federal constitutions," and accordingly denied the writ. Petitioner sought review by the Supreme Court of Appeals, and that court refused to issue a writ of error. Then petitioner sought review here, and certiorari was granted. 363 U. S. 802.

The question raised by petitioner is substantial: Does the Federal Constitution obligate the several States to appoint counsel to assist indigent defendants to pursue whatever appellate remedies the States may offer? Cf. *Griffin* v. *Illinois,* 351 U. S. 12.

The opinion of the Law and Equity Court of Richmond discussed the problem of this case in those terms. After an extended discussion of the right of indigents to counsel, that court quoted from 55 A. L. R. 2d, at p. 1085, 2 L. Ed. 2d, at p. 1649, the following:

> ". . . Thus, the establishment of the rule that a state must, as a matter of federal constitutional law, provide indigents with the assistance of counsel to prosecute appeals in criminal cases would appear to be no more than a logical extension of the Griffin doctrine."

It then added:

> "Whether this view be correct or incorrect is, of course, the question in the instant case."

And the Supreme Court of Appeals in refusing a petition for writ of error said that the judgment was "plainly right." Regardless of whether the courts below were "required to find" that petitioner had adequately stated his federal claim, those courts in fact did so find as the adjudication was on the issues exposed in the record.[3]

The question whether the Equal Protection Clause of the Fourteenth Amendment requires appointment of counsel for indigents to represent them on appeal from state court judgments of conviction is present and ripe for decision. I dissent from the dismissal of the certiorari.

---

[3] The judgment of the Supreme Court of Appeals read: "The petition of Stuart W. Newsom for a writ of error . . . having been maturely considered and a transcript of the record of the judgment aforesaid seen and inspected, the court being of the opinion that the said judgment is plainly right, doth rejéct such petition, and refuse said writ of error, the effect of which is to affirm the judgment [of the court below]."