Stewart W. NEWSOM, Appellant,

v.

C. C. PEYTON, Superintendent of the
Virginia State Penitentiary,
Appellee.

No. 9635.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1965.

Decided Feb. 19, 1965.

Ronald P. Sokol, Charlottesville, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

After a state jury trial the petitioner, Stewart W. Newsom, was convicted of murder and sentenced to imprisonment in the Virginia State Penitentiary. State remedies having been fully exhausted, Newsom sought federal habeas corpus. He alleged that he was deprived of his constitutional rights by being denied counsel in a direct appeal which he desired to prosecute in the Supreme Court of Appeals of Virginia. The Commonwealth's answer is that his right to counsel was waived under circumstances which we shall now relate.

Represented by privately retained counsel, Newsom was convicted on April 10, 1953. He alleges that upon his conviction he asked his lawyers to prosecute an appeal but that they refused when told that he could not raise an additional fee of $500. They noted no appeal on his behalf. Petitioner then wrote two letters to the trial judge within two weeks after the conviction, the first expressing his desire to appeal, the second asking that counsel be appointed. Neither letter was answered. In May, before expiration of the 60-day period permitted for taking an appeal, the defendant wrote another lawyer asking for assistance. That lawyer agreed to investigate the case for

$100, before deciding whether to represent him. Not until seven months later were the results of that investigation made known to the prisoner. The record and briefs do not indicate what the lawyer reported to Newsom, except that employment was declined.

The state trial court, after conducting a hearing on defendant's habeas corpus petition, held that the petitioner did have a right to counsel on appeal but that this right had been waived by failure to assert it properly. It was said that the defendant should have asserted his indigency explicitly.[1] The opinion of the state habeas judge was that the petitioner was not indigent since he had personal resources, $40 in cash and an insurance policy of the value of $110 or $150. The court also found, on the basis of the trial counsel's testimony, that Newsom never asked his trial counsel to continue representing him. The case was eventually taken to the United States Supreme Court where certiorari, though initially granted, was later denied as improvidently granted. Newsom v. Smith, 365 U.S. 604, 81 S.Ct. 774, 5 L.Ed.2d 803 (1961) (three Justices dissenting).

Newsom then submitted a habeas corpus petition to the District Court. There relief was denied without a hearing, the District Judge reasoning that the denial of certiorari indicated the Supreme Court's view that the case was without merit, and because, as the state court found, the defendant had waived his right to counsel on appeal.

We are of the opinion that denial of certiorari is not to be given the effect of a judgment on the merits. We are further of the view that Newsom, in his letters to the trial judge, sufficiently indicated his desire to appeal and to have counsel and that his meagre means were not sufficient to disentitle him to consideration by the court as an indigent. A layman's letter seeking legal aid need not be prepared with the nicety of a lawyer's pleading, and if Newsom's letters did not sufficiently indicate his financial predicament, a simple inquiry by the Judge would have disclosed the fact. Instead the letters were ignored.

At the hearing of the appeal in this court it was asserted that if the two letters expressing a desire to appeal are treated as a notice of appeal, then under recent practice in the Supreme Court of Appeals of Virginia that court may be willing to appoint a lawyer and to hear the case. We will remand the case to the District Court with directions to retain it for a reasonable time to permit application to be made to the Supreme Court of Appeals of Virginia to entertain the appeal. If there is still an opportunity for an appeal in that court, there is no need to entertain federal jurisdiction. If the Supreme Court of Appeals of Virginia will not hear the appeal and a retrial is unavailable then the District Court should order Newsom's release.

Remanded with instructions.

1. On April 18, 1953, Newsom wrote the trial judge:

"In lue of any known action on the part of my attorney, I am taking this method of respectfully noting an appeal from the 'life sentence' imposed upon me in your Court on April 10, 1953.

"I will within the alloted time attempt to get Counsel to complete the appeal."

On April 23, 1953, he wrote again:

"Due to circumstances beyond my control, I have been unable to complete arrangements with an attorney to complete my appeal.

"Therefore, I respectfully request that you appoint me counsel to appeal my case to the State Supreme Court of Appeals."