People of the State of Illinois, Plaintiff-Appellee, v. Phillip Thome, Defendant-Appellant.

Gen. No. 68–113.

Second District.

July 28, 1969.

216

Michael F. O'Brien, of St. Charles, for appellant.

William Ketcham, State's Attorney of Kane County, of Elgin, and W. Ben Morgan, Assistant State's Attorney, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant appeals from a jury's verdict finding him guilty of aggravated battery and the court's order sentencing him to the penitentiary for a period of from two to ten years.

As grounds for reversal he claims (1) that the evidence was insufficient to prove him guilty beyond a reasonable doubt, (2) that the trial court admitted hearsay and prejudicial testimony, (3) that the admission of other wrongdoing by the defendant was prejudicial, (4) that the trial counsel was incompetent and (5) that the failure of the record to affirmatively show that the defendant waived transcription of the voir dire examination constituted error.

The indictment charged that the defendant committed the offense of aggravated battery against Mary Thome, the complaining witness and estranged wife of the defendant. On direct examination, she testified that during the early morning hours of November 11, 1967, the defendant dragged her to a barn to the rear of the home in which she was residing with her six children. Once inside the barn he made her remove all of her clothing and then tied her hands. He then forced her to commit unnatural sex acts upon him at different times, beat her with a stick, stabbed her in the stomach with his pocket knife, stuck her tongue with the knife, pushed the blade of the knife under her fingernails and strung her up so that she was actually swinging from a rafter by means of a rope which was tied to the rope around her hands.

Following this, she was allowed to return to the house where the defendant stated that the beating had been given to her because she had reported him to the police in September for another occasion when he beat her and which ultimately resulted in his conviction and sentencing. She further testified that the November incident was not reported to the police until on or shortly before December

16, 1967, when the defendant was arrested. She claimed, at the time of trial, that she did not report the incident in question to the police because her husband had threatened her with further abuse, but the reason the incident was finally reported was that another assault and beating was made upon her by the defendant on or about December 16, 1967.

On cross-examination by the defendant's counsel, she was questioned about another beating in September, prior to the incident in question. She also was cross-examined and testified as to the beatings received in September, November and December of 1967. Although the State offered no medical testimony concerning treatment, as corroboration for her injuries, it did offer testimony of the eleven-year-old daughter of the defendant and a next door neighbor as corroborative proof of the injuries received on the night of November 11, 1967.

The defendant categorically denied that any beating, assault or any form of attack took place upon his wife on November 11, 1967. In explanation of his wife's condition and corroborated injuries, he testified that at his daughter's birthday party on November 3, 1967, his wife had been injured when attempting to corral a horse which had broken loose on the farm.

The defendant first raises the issue that the evidence was not sufficient to remove all reasonable doubt of his guilt. Counsel for the defendant urges this Court to apply a reasonable doubt standard equatable to that of a rape case, particularly, holding the State to an "extraordinarily high standard of care in examining the evidence." For this proposition the defendant cites the case of People v. Kazmierczyk, 357 Ill 592, 192 NE 657 (1934). The Court, in that case, was faced with the peculiar situation of most rape cases where there was little if any corroborative proof. The complaining witness made an accusation

and the defendant denied same. The Court, at page 598, in considering this situation, had this to say:

> "This court has repeatedly held that where a conviction of rape depends upon the testimony of the prosecuting witness and the defendant denies the charge, the evidence of the prosecuting witness should be corroborated by some other evidence, fact or circumstance in the case. (Citation omitted.) It is our duty to carefully review the evidence in a criminal case, and if it is not sufficient to remove all reasonable doubt of the defendant's guilt and to create an abiding conviction that he is guilty the conviction will be reversed."

We do not feel that the Court has changed the reasonable doubt standard and applied any new or extraordinarily high standard of proof. It has merely stated that an allegation without corroboration will not suffice to fulfill the reasonable doubt standard when the defendant makes a categorical denial of the charge. In the present case there is ample corroboration to support the verdict. In the first instance, we have the physical scarring of the complaining witness as well as the cuts, bruises and abrasions which were seen shortly after this incident by two witnesses. This corroborative evidence and testimony clearly distinguishes this incident from the rape situation where there is no visible physical mistreatment available for corroboration.

 It is true that the testimony and evidence should be subject to close scrutiny; however, we do not see in this case, and particularly in the suggested areas of inconsistency in the testimony of the prosecuting witness, how the defendant may state that his wife's entire testimony should be disregarded because of alleged inconsistencies as seen by defendant. The defendant cites

People v. Fitzgibbons, 343 Ill 69, 72, 174 NE 848 (1931) for the proposition that ". . . where evidence is offered substantially impeaching the truth of her statements and the defendant denies the crime her evidence should be corroborated." This does not have application to the facts of this case since we find no *substantially* impeaching evidence as to the testimony of the prosecuting witness. At best, there may have been some minor discrepancy in the testimony of the prosecuting witness and the corroborative witnesses; however, as the State pointed out in its brief in citing the case of People v. Cooper, 69 Ill App2d 18, 21, 216 NE2d 168 (1966), minor discrepancies and inconsistencies in testimony go only to the weight to be given to the testimony. Moreover, we do not feel that we need meet the problem or situation as raised in the case of People v. Kazmierczyk, supra, for the present case is not one of a prosecuting witness's testimony standing alone against the categorical denial of the defendant. Rather, there is ample corroborative proof to substantiate the testimony of the prosecuting witness and to meet the reasonable doubt standard imposed upon the State.

 The defendant next suggests that the trial court erred in allowing hearsay testimony from the two corroborating witnesses, namely, the defendant's eleven-year-old daughter and a neighbor woman. Defendant takes particular issue with the fact that the daughter of the parties testified as to the events which took place on the evening in question when she had no immediate knowledge of it and could not remember the exact date when the incident occurred. We have carefully reviewed the record of testimony of the daughter. Although the defendant urges that there was reversible hearsay testimony presented by this witness, we are unable to find any objection by the defense counsel during the trial, nor are

221

we able to find any hearsay testimony elicited by the prosecution which would be the foundation for reversal. The only comment by the defendant's daughter referring to the events of the evening in question, made outside of her own knowledge in reply to a query by the State, was upon request of the defense counsel. The State asked the witness when she saw the injuries on her mother, the colloquy between the parties being as follows:

Q. "What kind of injuries?"

A. "After that on December somewhere, after I came home from my girl friend's she had cuts, great big cuts on her stomach and back."

Q. "Cuts on her stomach and back. This was after your birthday?"

Mr. Galvin: "Now, when was it?"

Mr. Parker: "I am going to ask her."

The Witness: "That was in December when he hung her in the barn."

Mr. Parker: "You didn't see him do this, did you?"

The Witness: "No."

This Court feels that the testimony given by the young daughter of the defendant was not prejudicial hearsay and further points out that the clarification made by the State to emphasize to the court and jury that the witness did not actually see her mother hanging in the barn, certainly eliminates any question of reversible error on this point.

Relative to the defendant's position that the eleven-year-old witness could not set forth the exact date, we would point out that her testimony adequately supports the position that the incident referred to and subject of the present trial, took place after her birthday on November 3, 1967, and before Christmas of the same year. Although the question was put to her by both the State and the defendant on numerous occasions, requesting that she

particularize the date of this occurrence, she stated that she was not able to do this and, as she stated, the event was "up towards Christmas time." We feel that the objection raised goes only to the weight to be given this witness's testimony and certainly does not require reversal based upon her inability to specify the exact date of the incident.

It is next suggested that there was prejudicial error in the admission of other wrongdoing by the defendant. The defendant specifically contends that the testimony given during the trial concerning the assaults made by the defendant upon his wife in September and December was wholly improper and was independent and disconnected from the event of November 11, 1967. It should be pointed out that defendant has admitted that during the trial of the case, the other events referred to were brought out, not merely by the prosecution, but also by the defendant. In those instances, where the two other events were referred to by the prosecuting attorney, the defense counsel failed to make objection thereto. The defendant nonetheless raises the insertion of these other events as prejudicial error. He cites the case of People v. Weinstein, 35 Ill2d 467, 471, 220 NE2d 432 (1966) as his authority for raising this issue, in its first instance, in this Court. The case provides that even though defense counsel failed to object in certain instances, if the error in question deprived an accused of his constitutional rights, the reviewing court would nonetheless consider the issue.

■ During the trial of the present case, the fact of other assaults which took place in September and December was actually raised by the defendant on cross-examination of the complaining witness. The issue in the present case is not merely one where the defendant fails to object but rather one where the defendant raises the issue

originally and then objects because it is raised. Therefore, defendant's position is not well taken by this Court, but because of the possible constitutional issue which could be raised, we will nonetheless reply to it. People v. Mc-Kinstray, 30 Ill2d 611, 615–616, 198 NE2d 829 (1964).

In the case of People v. Lehman, 5 Ill2d 337, 342–343, 125 NE2d 506 (1955) the Court set out the following rule concerning the introduction of evidence of the commission of other crimes:

> "The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime. And so, as a matter of policy, where the testimony has no value beyond that inference, it is excluded. But where the evidence is independently relevant it is admissible as, for example, where it shows motive or intent, identity, absence of mistake or accident, or the existence of a common scheme or design."

█ We feel that the evidence of the first assault which occurred September, 1967 is amply supported by the above rule as it clearly shows the motive for the defendant's attack upon his wife on November 11, 1967. In the record of the trial, and particularly the testimony given by the prosecuting witness, she testified the defendant told her that the events of September were the cause for her beating in November. As an additional reason to those already stated, the introduction of the incident which took place in December of 1967 may be supported from the standpoint that it also included those "peculiar and distinctive features common" to the assault which took place on the evening of November 11, 1967. People v. Lehman, supra, 343. We, therefore, do not feel there is reversible error to be found in the unobjected introduction of the prior or subsequent incidents and assaults.

█ The defendant was represented by a court appointed public defender. The defendant now raises the issue that he was deprived of his constitutional rights because his court appointed attorney incompetently and ineffectually conducted his defense during the course of the trial. He cites People v. Gardiner, 303 Ill 204, 206–207, 135 NE 422 (1922), which holds that where a record of proceedings discloses a great deal of irrelevant evidence and improper argument had been admitted to the record without objection, counsel who tried the case may be presumed to be unfamiliar with the rules of evidence or the rules of criminal practice, and that in such instance, if the prosecuting attorney takes advantage of the situation knowing that the defendant is poorly represented, then error may be claimed. As defendant states in his brief, the case provides a dual test to be applied in order to determine whether the competency of counsel has affected the accused's constitutional rights. First, if the defendant's guilt is reasonably supported by the evidence, then the mere fact that he is poorly defended will not justify reversal. Second, where the evidence is *close* and it is clear that the prosecuting attorney has taken advantage of the fact that the defendant was poorly represented, the court will rule that the defendant's constitutional rights have not been sustained.

█ In People v. Odom, 71 Ill App2d 480, 487, 218 NE2d 116 (1966), a case specifically viewing the question of competency of court appointed counsel, it is stated that a public defender is expected to be zealous in defending the rights of those he is assigned to defend and further adds that "the aid of counsel is not satisfied by mere formality of appointment of an attorney by the court but requires effective representation throughout all stages of the trial." This latter case emphasizes that the law anticipates a fair representation of the defendant by his court appointed attorney and that when the representa-

225

tion reaches such a "low caliber" as to deprive the defendant of a fair trial then his constitutional right of due process is violated.

■ We have carefully reviewed the record of the lower court. Although we may not agree with the particular tactical defense as presented by the counsel, we do not feel that the record is replete with errors or that the defense, as presented, was of such a "low caliber" to deprive the defendant of his constitutional rights of due process. The question of a poor defense at the trial level is one of degrees and therefore it is open to varying opinion as to what is good, what is bad, what is adequate and what is inadequate. The cases cited by the defendant are clear issues of gross inadequacy on the part of the defendant's trial attorney. The present case does not evidence such gross inadequacy. Therefore, we cannot agree with defendant that he was inadequately defended at the time of the trial.

■ Defendant urges that his rights were denied when the voir dire examination was not transcribed. Particularly, it is emphasized that the record does not affirmatively indicate that the defendant waived the transcription of voir dire examination. He has failed to cite any authority requiring either that the record affirmatively indicate waiver by the defendant of transcription of voir dire examination or that the failure to transcribe voir dire examination has caused prejudicial error. As this Court knows of no such requirement under the existing law it finds no merit in this contention.

This Court, finding no reversible error, does hereby affirm the judgment of the lower court.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.