(No. 41789.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CURTIS HEAVEN, Appellant.

*Opinion filed January 21, 1970.*

WARD, J., took no part.

S. JACK MICHELETTO, of Chicago, appointed by the
court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(JAMES B. ZAGEL, Assistant Attorney General, and ELMER
C. KISSANE and JOHN R. McCLORY, Assistant State's At-
torneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion
of the court:

This appeal questions the propriety of the Cook County
circuit court's allowance of the State's motion to dismiss
Curtis Heaven's post-conviction petition. Ill. Rev. Stat.
1967, ch. 38, par. 122—1 *et seq.*

Petitioner appeared in court with retained counsel Sep-
tember 12, 1963, and pleaded not guilty to the charge of

murder. Three months later his counsel was granted leave to withdraw and the public defender was appointed. The following March petitioner appeared in court with the public defender and, after proper inquiry and admonishment, entered a plea of guilty. He was sentenced to a term of 14 to 25 years. On May 16, 1968, he filed a *pro se* petition for post-conviction relief; counsel was appointed on June 20, and an amended petition filed August 19. The original *pro se* petition included his own affidavit; no others were filed.

The amended petition asserts Heaven was denied effective representation of counsel, and that his plea of guilty was coerced. The State maintains that the petition was properly dismissed since satisfactory affidavits were not attached, nor were there any reasons given for the absence of such affidavits; and further that the petition failed to state facts establishing a deprivation of constitutional rights.

Petitioner's first contention is based upon the claim that the public defender consulted with him only two times, and on neither occasion were the merits of his case or the circumstances surrounding the alleged murder discussed. The petition further states, "that in fact the circumstances surrounding said incident establish the fact that while petitioner may have been guilty of a lesser offense, he was not guilty of the crime of murder; * * *." Petitioner's affidavit states, in this connection, "That the information of the witnesses in this entitled cause could not truely [*sic*] supply matreial [*sic*] in this cause which would change the crime of volentary [*sic*] manslaughter to a charge of murder as in the indictment."

Petitioner's *pro se* motion for leave to file *in forma pauperis* recites that "Upon information supplied at this time as by the state's witnesses; One Gwendolyn Gray, Hattie Thomas and James Anderson along with information of and from 'the protocol and coroner's minutes' such record will show this cause to be one of not deliberant

[*sic*], intentional and knowingly killing but a killing incured [*sic*] because of a threat of the decendent [*sic*] Wylie Jefferies to the petitioner herein."

As to the claim that the plea of guilty was coerced, the petition states, "that petitioner, being a layman and not cognizant of the subtle legal distinctions between murder and manslaughter, and being informed of the extreme consequences of a jury conviction of murder, changed his plea of not guilty to one of guilty; that said plea was not voluntary but was in fact coerced." Petitioner's affidavit relates that "petitioner was further coercered [*sic*] to a guilty plea by mention of 'the death penalty' by said plea. * * * That such coerced guilty plea was induced with such specific indictment and threat of 'the death penalty'." The motion for leave to file *in forma pauperis* includes the claims that, "The petitioner can thriught [*sic*] full recorded matter in this cause show a intimidation and promise by the representing state's attorney in this for a specific sentence * * *. Petitioner was coercered [*sic*] by the judge in that on a plea of said indictment or lack of such plea the death sentence could be imposed."

We have related petitioner's allegations to this extent to illustrate that the most liberal evaluation nevertheless reveals a total absence of specific and substantial factual bases upon which the petition could be found sufficient. When a petition is dismissed for a failure to sufficiently allege facts constituting a denial of constitutional rights, we construe the petition's allegations liberally. (See *People v. Bernatowicz,* 413 Ill. 181, 184-85; *People v. Jennings,* 411 Ill. 21, 26.) But we have also consistently held that, "an evidentiary hearing under the Act should be granted only if defendant's post-conviction petition makes a 'substantial showing of violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing.' " (*People v. Arbuckle,* 42 Ill. 2d 177, 179, and cases there cited.) In this

case, the petition and other documents are devoid of specific factual allegations and subject to a motion to dismiss.

Petitioner also contends that it was error for the judge to dismiss the petition with the statement that, "I find there is no violation of any constitutional right * * *", thus indicating the judge's belief that the allegations made in the affidavit and elsewhere were false; that the judge's duty on a motion to dismiss is to assume the truth of the allegations and evaluate only their legal sufficiency, citing *People* v. *Wegner*, 40 Ill. 2d 28, and *People* v. *Wilson*, 39 Ill. 2d 275. We do not find that the judge dismissed the petition on the grounds that he disbelieved petitioner's allegations, but rather on the grounds urged by the State in its motion to dismiss—that the allegations were conclusional and therefore insufficient to show a violation of constitutional rights. Moreover, in the *Wegner* case we noted that "* * * defendant's petition and affidavit standing alone raised a sufficient question to require a hearing." We further observed that "To peremptorily dismiss the petition would require a determination of the truth or falsity of the affidavits." (*Wegner* at 31 and 32.) In this case the situation is entirely different since the allegations in the affidavit and elsewhere are clearly insufficient to require an evidentiary hearing. Therefore, if the judge's statement had raised some question as to the basis upon which he dismissed the petition, we could nevertheless have presumed, as we could not in *Wegner*, that the decision was based upon the available proper grounds.

We therefore find no error in the action of the Cook County circuit court and affirm its judgment.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.