**People of the State of Illinois, Plaintiff-Appellee, v. Rosea L. Haynes, Defendant-Appellant.**

**Gen. No. 53,647.**

First District, Fourth Division.

April 22, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John R. McClory, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

A three-count indictment charged defendant with aggravated battery, aggravated battery with a gun and attempt to murder. After a bench trial, the court found him guilty of attempt to murder and sentenced him to serve six to fifteen years. In this appeal the sole issue is whether defendant was proven guilty beyond a reasonable doubt.

Evidence of the prosecution tended to show that on November 22, 1967, between 2:00 and 2:15 a. m., Mrs. Maxine Haynes was watching television in her home. She testified that "[M]y husband (the defendant) broke in the house and shot me . . . above my heart, in my arm, back of my hip . . . and my leg, my left leg. . . ."

After the four shots, defendant ran out of the apartment. Mrs. Haynes said that she went to the first floor of the building, and told a lady there that she had been shot. A call was made to the Chicago police. Officer John Dub responded and found Mrs. Haynes on the kitchen floor of the first-floor apartment. She was taken to a hospital where she remained "[A] little over a week . . . ." The next day defendant surrendered to the police at a station where he was questioned and processed by Officer William Boyd.

Defendant had a different version of what occurred. He testified that because November 22 was two days before Thanksgiving, he went to Mrs. Haynes' apartment at about 6:30 or 7:00 p. m. with a 21-pound turkey. He asked, and obtained permission to take their three children and Mrs. Haynes' eight-year-old daughter for a ride. He returned to the apartment with the children at about 10:30. This time defendant brought with him a six-pack of beer and a pint of whiskey. Defendant said that the children were put to bed and he and Mrs. Haynes first drank the beer and then turned to the whiskey. Sometime during the drinks defendant asked Mrs. Haynes "[a]bout us getting back together, . . . ." This started an argument. Mrs. Haynes called defendant an obscene name and then came at him with a butcher knife which he caught with his hand, making a deep cut "[t]o the bone. Every time I move you could see something white. . . ." Defendant testified that he had with him a gun he got "from a friend." He said that after he tripped and fell, he shot Mrs. Haynes the first time. When this did not stop the attack, he fired three more shots and ran out of the apartment.

On cross-examination defendant admitted that although he was seriously cut, he never saw a doctor, went anywhere for medical care nor complained to anyone about his injury. Defendant said that he called

the building where his former wife lived and a woman told him that the police were looking for him. He went to a police station later in the day and surrendered to Officer William Boyd. Boyd testified in rebuttal that when he saw the defendant, there was no bandage or cut on defendant's hand; nor did the defendant complain of any injury. After hearing the witnesses, the trial judge found the defendant guilty of attempt to murder his former wife.

Defendant contends that his testimony of the attack on him by Mrs. Haynes injected into the case the element of self-defense; and that because of this defense, the State did not prove him guilty beyond a reasonable doubt. To support this argument defendant points to what he calls inconsistencies and lack of corroboration in Mrs. Haynes' testimony. For example, defendant argues that Mrs. Haynes testified "[h]e broke the door plumb off and come on in . . ." her apartment and fired four shots without saying a word. Inferring a lack of corroboration, defendant calls attention to policemen who came to the Haynes' apartment but did not see any broken door nor any sign of a breaking in.

▮ Defendant's argument is without merit. It is immaterial whether he was invited in or broke into the apartment of his former wife. Defendant was charged with aggravated battery and with attempt to murder. The gravamen of these offenses was shooting Maxine Haynes. Mrs. Haynes testified that in the early morning hours of November 22, 1967, defendant shot her four times. Defendant admits he did, but interposes the defense that he shot Mrs. Haynes because she attacked him.

▮ This was an affirmative defense. Unless the State's evidence raised an issue concerning the alleged defense, defendant had to present some evidence in support of such a claim. People v. Slaughter, 29 Ill2d 384, 194 NE2d 193; People v. Garcia, 90 Ill App2d 396, 400,

401, 232 NE2d 810. This he did, thus requiring the State to prove beyond a reasonable doubt that defendant had not acted in self-defense, Ill Rev Stats 1967, c 38, §§ 7–14 and 3–2. Whether defendant was justified in using force in self-defense was a question of fact to be determined by the trial judge from all the circumstances shown by the evidence. People v. Washington, 27 Ill2d 104, 187 NE2d 739; People v. Brumbeloe, 97 Ill App2d 370, 240 NE2d 150. The trial judge heard Mrs. Haynes and defendant give their respective versions of the occurrence. He attached to the testimony of each the credibility he thought it deserved. He concluded that the believable evidence was sufficient to establish beyond a reasonable doubt that defendant was guilty of attempt to murder his former wife. We see no reason to interfere with this judgment. People v. Thome, 111 Ill App2d 215, 250 NE2d 9; People v. Hill, 116 Ill App2d 157, 253 NE2d 617. Judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.