THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUNIOR SAVAGE, Defendant-Appellant.

(No. 72-98; )

Second District—November 9, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In 1967 the defendant herein was found guilty in a bench trial of the murder of his wife and sentenced to 30-50 years imprisonment. He appealed to this court and the conviction was affirmed. (*People v. Savage* (1968), 102 Ill.App.2d 477, 242 N.E.2d 446.) While the facts are set forth in the case above cited it is necessary to reiterate certain of those facts for the purpose of this post-conviction hearing.

The defendant went into the Sheriff's office of Winnebago County with his hands above his head and voluntarily stated "I killed my wife." A deputy asked him "What did you kill her with?" He then answered "With an axe, that's all I had." Subsequent investigation disclosed that his wife had been killed with an axe by blows upon the head.

The defendant filed a *pro se* petition for post-conviction relief in September, 1970. In this petition he raised three issues which had been raised and adjudicated on appeal. In addition, he contended his trial and appellate counsel was incompetent.

The post-conviction petition before us deals with two issues. The first is the incompetency of the trial and appellate counsel; the second is the failure of the State to provide the defendant with a complete transcript. We will consider the second allegation first. The defendant contends that he was deprived of his constitutional rights because of the failure of the State to furnish him with a copy of the hearing on his motion to suppress. There was no transcript made of this hearing. He then alleges that the State deprived him of his constitutional rights in failing to furnish him with a transcript of the closing arguments of counsel which was not transcribed by the reporter. In support of this argument defendant cites *Mayer v. Chicago* (1971), (U.S.), 30 L.Ed.2d 372. The basic ruling in this case is that an indigent is entitled to a free transcript of the trial proceedings even though the conviction resulted in a fine only. Supreme Court Rule 607(b) originally provided that such a transcript would be furnished where the defendant was "convicted of a felony." In 1971 this rule was changed to provide that a free transcript would be provided where the defendant was "convicted of an offense punishable by imprisonment for more than six months." It is obvious that the *Mayer* case strikes down this rule and provides that as the court said "the invidiousness of the discrimination that exists when criminal procedures are made

available only to those who can pay is not erased by any differences in the sentences that may be imposed."

■■ It is interesting to note that in *Mayer* the court went on to discuss in detail *Griffin v. Illinois* (1956), 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055, and said

> "'A record of sufficient completeness' does not translate automatically into a complete verbatim transcript."

The court then quoted *Draper v. Washington* (1963), 372 U.S. 487, 496, 9 L.Ed.2d 899, 905, 81 S.Ct. 774, and discussed alternative methods of reporting trial proceedings. The Illinois courts have held that Rule 607(b) refers only to trial proceedings. (*People v. Williams* (1971), 131 Ill.App.2d 280 at 285, 268 N.E.2d 730 at 733; *People v. Hubbard* (1969), 107 Ill.App.2d 79, 246 N.E.2d 44 at 46; *People v. Thome* (1969), 111 Ill.App.2d 215, 250 N.E.2d 9 at 14.) Turning first to the contention of defendant that a transcript of the proceedings on the motion to suppress should have been furnished, we find in *Mayer* the court said:

> "* * * Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances."

The motion to suppress herein sought to suppress the voluntary statement made to the police when the defendant walked into the police station. The question of his voluntary confession was decided in the appeal thereon and is therefore *res adjudicata*.

We therefore find that no useful purpose would have been served by furnishing a transcript which in fact was unavailable as the proceedings were not transcribed on the motion to suppress.

■■ With regard to the transcript of the final argument of counsel, it is to be specifically noted that final arguments were not transcribed and therefore unavailable. As the Supreme Court stated in *People v. Smith* (1969), 42 Ill.2d 479 at 483, 248 N.E.2d 68:

> "* * * The defendant's position is that because the court reporter did not take down the final arguments of the attorneys, he is precluded from showing their prejudicial nature, and that his conviction must therefore be reversed. We cannot accept this contention. The responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant."

It is common practice to waive the transcribing of final arguments and while this court does not evince any opinion as to the desirability of so doing, it is to be specifically noted that the instant case was not a jury

trial. It is incumbent upon the trial judge to see that both defense counsel and the prosecution in their closing arguments do not transcend the rules relating thereto. In the case of a bench trial it is presumed that the judge hearing the case without a jury would follow such procedure.

■■■ Turning then to the contention of the defendant as to incompetency of counsel both at the trial and appellate level, we find that the trial court dismissed the post-conviction petition without a hearing. We agree with defendant's assertion that the incompetence of counsel, whether at the trial level or upon appeal, is a proper question for consideration in a post-conviction proceeding. However, the Supreme Court in *People v. Sawyer* (1971), 48 Ill.2d 127, 268 N.E.2d 689 at 692, stated:

> "In order to require an evidentiary hearing, a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. Such showing must be based on factual allegations rather than conclusional statements."

The question then before us is whether or not defendant had made a substantial showing in both or either instance as to the incompetency of counsel.

The basis of incompetence in the trial court as set forth in both the amended post-conviction petition and the *pro se* petition of the defendant, refers to the "Transcript of Proceedings at page 318." Defendant contends that his attorney at the trial at the conclusion of the State's case made a motion for a "finding of guilty" against his client. Examination of the record discloses this to be incorrect. Defendant contends that when the issue of incompetence of counsel is raised by proper pleading that a hearing is required to prove the truth or falsity of the allegation. With this we do not agree. In *People v. Heaven* (1970), 44 Ill.2d 249, 255 N.E.2d 436, 438, the court stated:

> "* * * But we have also consistently held that, 'an evidentiary hearing under the Act should be granted only if defendant's post-conviction petition makes a "substantial showing of violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing.'""

In *People v. Derengowski* (1970), 44 Ill.2d 476, 478, 256 N.E.2d 455, in reference to the Post Conviction Act the court stated:

> "* * * It has been held that the dismissal of nonmeritorious petitions is undeniably within contemplation of the Act, * * *."

In *People v. Dudley* (1970), 46 Ill.2d 305, 308, 263 N.E.2d 1, the Supreme Court held:

> "* * * In determining whether there should be an evidentiary hearing on a post-conviction petition, the court may consider the

contents of the pleading in conjunction with the transcript of proceedings in the trial court."
and went on further to say:

"* * * In order for a defendant to establish incompetent representation by appointed counsel, he must demonstrate 'actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney'; and it must further appear that substantial prejudice results therefrom, without which the outcome would probably have been different. [Citation.]"

In the instant case counsel for defendant was confronted by a client who voluntarily confessed that he had killed his wife with an axe. Examination of the record indicates that trial counsel moved for and a jury hearing was had, to determine the sanity of the defendant. It further appears that he made all proper motions both prior to and subsequent to trial. Examination of the record further discloses that counsel competently and adequately represented the defendant at the trial. In *People v. Williams* (1970), 47 Ill.2d 239, 265 N.E.2d 107, the defendant contended that trial counsel was incompetent. After determination there that the factual situation presented very little in defense possibilities, Justice Schaefer stated at page 241:

"* * * A court appointment to represent an indigent defendant does not endow an attorney with the ability to perform miracles, nor is he to be branded as incompetent because the defendant he represented was not permitted to plead guilty to a lesser charge."

Defendant's *pro se* post-conviction petition alleges that appellate counsel "presented his pleadings so inadequately and incompetently that the entire appeal was reduced to a mere farce; In that counsel argued points of law *pro se* that were not *pro se* and failed to advance the strong evidentiary issue and present other relevant matter and misrepresented the true state of the record."

The brief of counsel before us in this post-conviction petition fails to allege any incompetency of counsel on appeal whatsoever.

■■ We therefore find that both appellate and trial counsel competently represented defendant. In our opinion defendant's post-conviction petition here presents no substantial showing of any violation of a constitutional right and consists primarily of vague and varied conclusions which did not justify an evidentiary hearing under the Post Conviction Act. The judgment of the Circuit Court dismissing the petitioner's post-conviction petition is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.