THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* PRESTON R. DAVIS, Petitioner-Appellant.

(No. 56925;

First District (4th Division)—June 27, 1973.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane, Ricky Petrone, and William D. Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The petitioner, Preston R. Davis, appeals from an order entered in the Circuit Court of Cook County dismissing a post-conviction petition.

Petitioner Davis was indicted in two counts for the offense of murder. On April 29, 1969, Davis pleaded guilty to the charge of murder and was sentenced to a term of not less than 14 years nor more than 14 years and one day in the Illinois State Penitentiary.

Pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, § 122), Davis, on October 6, 1970, filed a *pro se* post-conviction petition in which he alleged his guilty plea was neither willingly nor intelligently made, in that he thought he was entering a guilty plea to a charge of voluntary manslaughter rather than murder. The post-conviction petition also contained an allegation that the sentence the petitioner received was contrary to the sentence his privately retained defense counsel had assured him he would receive, namely, five to ten years in the penitentiary, for entering a guilty plea.

Following appointment of counsel for the petitioner, the trial court on July 21, 1971, held a hearing to determine whether the post-conviction petition raised any issue which would merit holding an evidentiary hearing. At this hearing, the State moved to dismiss the post-conviction petition filed by Davis for failure to raise a constitutional question as required by the Illinois Post-Conviction Hearing Act, and for failure to adequately support the claims presented therein. Following an argument presented by the petitioner's counsel, the trial court continued the hearing in order for counsel to secure an affidavit from the petitioner's privately retained trial counsel or to present such counsel's testimony at the subsequent hearing as to any assurances he made to the petitioner at the time the petitioner's guilty plea was entered. The trial court also continued the State's motion to dismiss the petition by allowing the motion to stand as the State's answer to the post-conviction petition.

On October 18, 1971, the trial court held a hearing at which time

counsel representing the petitioner advised the court he had discussed the petitioner's guilty plea with the petitioner's privately retained trial counsel. The petitioner's counsel further advised the court he did not have an affidavit from the trial counsel but the trial counsel, if present, would testify to the effect he had not assured the petitioner he would receive a lesser sentence than the one which he did receive upon entering a guilty plea. Following this representation by petitioner's counsel, the trial court dismissed the petitioner's post-conviction petition. This appeal arises from that dismissal.

The issues presented for review are (1) whether the trial court properly dismissed the post-conviction petition prior to holding an evidentiary hearing based solely on the out-of-court statement of one witness; and (2) whether the petitioner was adequately represented by counsel at and prior to the hearing held pursuant to his petition for post-conviction relief.

The petitioner's initial contention arises from the petitioner's unsupported allegation in his post-conviction petition where he states his privately retained trial counsel assured him he would receive a sentence of five to 10 years for his guilty plea to a charge of voluntary manslaughter rather than the sentence of from 14 years to 14 years and one day which the trial court gave him following his guilty plea to the charge of murder.

■■■ We do not accept the petitioner's contention the trial court erred in refusing to grant him an evidentiary hearing as to the allegation in his post-conviction petition as valid. The petition is totally devoid of any factual allegations concerning the promise which the petitioner contends led to his plea of guilty. Since there is no factual information presented either in the petition or in the record before us, the petitioner's allegation amounts to an unsupported conclusion. The law in Illinois is well settled that allegations which amount to mere conclusions are not sufficient to require an evidentiary hearing. (*People v. Heaven* (1970), 44 Ill.2d 249; *People v. Fuller* (1972), 7 Ill.App.3d 931.) We therefore reject the petitioner's contention that the trial court should have granted him a full evidentiary hearing.

The petitioner's second contention is he was denied effective representation by counsel at and prior to the hearing for post-conviction relief. The petitioner bases this contention on the grounds that his court appointed counsel not only failed to amend the petitioner's post-conviction petition, but also neither sufficiently communicated with the petitioner prior to the presentation of his case to the trial court nor attempted to bring the petitioner to court to testify about the disputed facts.

■■ In accord with our rejection of the petitioner's previous conten-

tion, we also reject this contention. The Illinois Supreme Court has consistently held that where there is not a showing that sufficient facts or evidence exists, inadequate representation will not be found because an attorney failed to amend a petition or, when amended, failed to make the petition's allegations factually sufficient to require the granting of relief. (*People v. Stovall* (1970), 47 Ill.2d 42; *People v. Fuller* (1972), 7 Ill.App.3d 931.) Moreover, the record reflects the petitioner's court appointed counsel was in communication with the petitioner and offered to tender to the trial court a 37-question interview sheet which had been sent to the petitioner, answered, been notarized and returned to counsel to aid him in preparing for the hearing held in relation to the petitioner's post-conviction petition.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.