**People of the State of Illinois, Plaintiff-Appellee, v.
Roy Thomas, Defendant-Appellant.**

**Gen. No. 50,461.**

First District, Second Division.

March 29, 1966.

Charles B. Evins and Robert L. Tucker, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment entered by the Circuit Court of Cook County, in a bench trial, whereby

defendant, Roy Thomas, was found guilty of the crime of armed robbery and sentenced to the Illinois State Penitentiary for a term of not less than eight (8) nor more than fifteen (15) years.

On January 17, 1964, at approximately 10:15 p. m., Taft Stewart, while operating his taxi cab in a northerly direction on Cottage Grove Avenue in the City of Chicago, was waiting for the light to change at 64th Street. He was hailed by a man standing on the southwest corner of the intersection. The man, allegedly defendant, Roy Thomas, entered the cab and requested to be transported to 67th and Evans. When they arrived at the destination, Stewart stopped the taxi cab and reached back to collect the fare. The passenger stuck a gun in his face and announced a stickup. After giving the money to him, Stewart was ordered to get in the back seat. When he did this, he observed the passenger's face, which was illuminated when the door was opened. The passenger got out of the cab and tried to get in the front seat, but was unable to do so because the door was locked. The passenger ordered Stewart to get out of the car and unlock the front door. While doing this, the cab driver again observed the defendant's face. He later testified that he saw him at least three times. Besides taking money, the passenger also took the driver's overcoat and suit coat. After the passenger fled, Stewart drove away and contacted the police. He described the man who had robbed him as being of light complexion, between 5 feet 8 inches and 5 feet 9 inches tall, weighing between 140 and 150 pounds and wearing a gray overcoat and dark gray hat.

Three days later, on January 20, 1964, at approximately 1:30 a. m., Officers Mack Crosby and Harry Jacobs arrested defendant, after stopping a Checker Cab in which he was riding, at 70th and Cottage Grove. He was wearing a light gray overcoat and dark gray hat.

115

He was not wearing glasses. Defendant was searched and a pistol similar to the one used to rob Stewart was found on his person.

Later that day, Officer Robert Breckenridge went to see Taft Stewart and showed him a group of pictures and asked him whether he recognized any of them. Stewart selected a photograph of defendant and said that that was the person who had robbed him. The photograph revealed that defendant was wearing glasses although Stewart did not recall that he was wearing them at the time of the robbery. At 8:00 p. m. that evening, Stewart went to the Third District Police Station and identified defendant from a lineup of approximately five men.

Defendant was tried by a court without a jury. During the trial, Taft Stewart and Officers Crosby, Jacobs and Breckenridge testified for the prosecution. Stewart again identified defendant as being the person who had robbed him.

The defense offered in evidence a copy of the arresting officer's case report concerning defendant. The case report indicated that Thomas' height was 5 feet 2 inches rather than 5 feet 8 inches. Defense counsel questioned Officer Crosby about the discrepancy. Crosby testified that he did not write up the complete report and that the lock-up keeper had apparently filled in that part of the report showing defendant's height. Stewart, on cross-examination, testified that he did not tell the police that the man who robbed him was 5 feet 2 inches, but said that he had given the man's height as between 5 feet 8 inches and 5 feet 9 inches.

The defense also offered the testimony of Velva Farley, defendant's girl friend for seven years, who testified that she was with defendant on the evening in question from 6 o'clock until 11:30 p. m.; the testimony of defendant's mother who testified that her son returned home at 12:00 midnight, at which time he was wearing

clothing other than that described by Stewart; and the testimony of defendant himself who denied that he committed the crime and said that he was with Velva Farley at the time in question.

Defendant was found guilty, and at a hearing in aggravation the State showed defendant's prior record, which included a 1938 burglary and larceny conviction; a 1948 burglary conviction and a 1948 assault with a deadly weapon conviction. Defendant was sentenced to imprisonment in the penitentiary for a period of a minimum of 8 years and a maximum of 15 years.

It is defendant's theory of the case that the finding and judgment that defendant was guilty beyond a reasonable doubt are not supported by the record and that the court erred in admitting prejudicial testimony during the course of the trial.

It is plaintiff's theory of the case that defendant was proven guilty beyond a reasonable doubt and that the trial was free of any errors of a prejudicial nature.

Defendant first contends that his identification by Stewart was not sufficient to prove him guilty beyond a reasonable doubt. The basis for this argument is the fact that the arresting officer's case report indicated that defendant's height was 5 feet 2 inches, whereas it was actually 5 feet 10 inches. We disagree. This argument is based on the premise that the witness' original description of the offender's height must be the same as that contained in the officer's report. The witness, however, denied this by testifying that the man who held him up was "between 5′8″ and 5′9″ roughly" and that he never told anyone that his assailant was about 5 feet 2 inches.

■■ Positive identification by one witness who had ample opportunity for observation is sufficient to support a conviction. People v. Martin, 62 Ill App2d 203, 210 NE2d 798 (1965). Unless the defendant can show that it was unreasonable for the trial court to believe

the witness Taft Stewart, its judgment as to the truth or falsity of his testimony concerning the description which he gave to the police must be respected by this court. People v. Stewart, 62 Ill App2d 428, 211 NE2d 154 (1965).

■ The witness testified that his assailant was wearing a dark gray hat and gray tweed overcoat. These were identical to the clothes defendant was wearing at the time of his arrest three days later. Stewart testified that the robber was light complected and weighed, roughly, 140 to 150 pounds. He did not, however, mention anything about eye glasses. According to the arresting officers, defendant was not wearing eye glasses at the time of his arrest, although he testified that he always wore them and was doing so at the time of his arrest. Stewart's description, however, was in other respects accurate and therefore it was reasonable for the court to believe that he was telling the truth when he said that he originally described the robber as being between 5 feet 8 inches and 5 feet 9 inches tall. Since the essentials were present in the victim's opportunity to observe and his positive identification, the sufficiency of the recognition was a question of fact for the trial court. People v. Ervine, 64 Ill App2d 82, 212 NE2d 346 (1965).

■ ■ Defendant further argues that Stewart testified that the robber was shorter than he, but that the evidence clearly established that defendant was ½ inch taller than the witness. The discrepancy, according to Stewart's observation, was one inch, though his impression was that he was the taller man. The error in judgment can be attributed to the fact that Stewart was unable to make a precise comparison. Nevertheless, the discrepancy was not so great as to vitiate the accuracy of his identification. As was said in the Ervine case, (supra) "minor discrepancies in identification do not require reversal."

■ Defendant also argues that because the police officer who wrote the original report was never called by the State to either confirm, deny or clarify the report the only proper inference to be drawn from the failure is that he accurately entered upon the report the exact description given to him by the complainant. Stewart, however, testified that he described the robber as being between 5 feet 8 inches and 5 feet 9 inches. Defendant could have impeached the witness by producing the officer himself. Since the witness was equally available to both the defense and prosecution, the above inference is not chargeable to the prosecution. People v. Munday, 280 Ill 32, 117 NE 286 (1917).

■ Defendant next contends that evidence pertaining to the high crime rate in the neighborhood, e. g., the fact that many cab robberies had occurred in the immediate past, was not relevant and was unduly prejudicial. The State contends that this evidence was relevant to show that the officers had probable cause for making the arrest. The State argues that it was competent to show that there had been a series of cab robberies in the vicinity where the arrest took place, and that this fact considered in connection with other circumstances such as a speeding cab, followed by a conversation with the driver away from the vehicle, followed by the officers' observation of the passenger, gave rise to a reasonable belief that there was probable cause for arresting defendant. We disagree with the State. There was no reason for them to introduce evidence that the officers had probable cause for making the arrest. Defendant never objected to the arrest on the ground that the officers had an unreasonable belief that defendant had committed an offense. Thus evidence that a series of cab robberies had occurred in the vicinity was not relevant.

■ ■ We agree with the State, however, that defendant was not prejudiced as a result of the admission

of this evidence in that it fell short of relating to defendant. In the instant case, the trial judge was acting as a trier of fact. There is a presumption in a bench trial that the trier of facts only considers competent evidence. People v. French, 33 Ill2d 146, 210 NE2d 540 (1966), People v. Cox, 22 Ill2d 534, 177 NE2d 211 (1961).

Defendant cites People v. Smith, 55 Ill App2d 480, 204 NE2d 577 (1965), in support of his position. That case can be distinguished, however, in that there was evidence in the record that the trial judge affirmatively relied on incompetent evidence. In the instant case, there is nothing in the record to indicate that the trial judge affirmatively relied on the improper evidence introduced by the State. There is, therefore, no indication in the record that defendant was prejudiced.

For the above reasons, the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.