(No. 41452.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWIN PALMER, Appellant.

*Opinion filed January 29, 1969.*

WARD, J., took no part.

THOMAS J. BAUCH, of Chicago, appointed by the court, for appellant.

JOHN J. STAMOS, State's Attorney, of Chicago, and WILLIAM G. CLARK, Attorney General, of Springfield, FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL STEVENSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Edwin Palmer, was tried by the court without a jury in the circuit court of Cook County and convicted of armed robbery for which he was sentenced to the penitentiary for a term of not less than two nor more than three years. He has appealed directly to this court, a constitutional question being involved.

On appeal, the only claim advanced by the defendant is that the trial court should not have permitted the courtroom identification of the defendant by the victim because the identification was allegedly the product of a pretrial confrontation between the defendant and the victim in the absence of the defendant's counsel. Defendant's argument is based upon *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951. Each of those cases involved a lineup proceeding which was conducted after the defendant had been indicted and after counsel had been appointed for him. In each case the defendant's attorney was not notified of the lineup and was not present. The Supreme Court held that the lineup was a critical stage of the proceedings and that defendant was entitled to the presence of counsel. In our opinion these "lineup" decisions apply only to post-indictment confrontations. We reach this decision because of the language of the United States Supreme Court in these cases and in the subsequent case of *Simmons* v. *United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967. In *Wade,* the court stated that the question was "whether courtroom identifications of an accused at trial are to be excluded from evidence because the accused was exhibited to the witnesses before trial at a post-indictment lineup conducted for identification purposes without notice to and in the absence of the accused's appointed counsel." (388 U.S. at 219, 18 L. Ed. 2d at 1153, 87 S. Ct. at 1928.) In *Gilbert* the court summarized its decision in *Wade* as follows: "We there held that a post-indictment pretrial lineup at which the accused is exhibited

to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup." (388 U.S. at 272, 18 L. Ed. 2d at 1186, 87 S. Ct. at 1956.) In *Simmons* the court in referring to the "lineup cases" stated "The rationale of those cases was that an accused is entitled to counsel at any 'critical stage of the prosecution', and that a post-indictment lineup is such a 'critical stage.' " 390 U.S. at 382, 19 L. Ed. 2d at 1252, 88 S. Ct. at 970.

The facts in the present case are as follows: On October 29, 1967, the victim, a cab driver, picked up a man and woman. Upon arriving at their destination the man pulled a gun and demanded the driver's money. The driver went to the police station to view photographs of previous offenders and picked out the defendant's photograph. On November 16 defendant was arrested in his apartment and taken to the victim's hotel. The defendant remained in the police car and the victim, who was standing a few feet from the car, identified the defendant as the man who had robbed him. The cab driver testified that the defendant had been in his cab for about eight minutes because traffic was very slow. He stated that he would not pick somebody up at night unless he looked him over real good.

The confrontation here was immediately following the defendant's arrest and prior to his indictment and the appointment of counsel, and the decisions in *Wade* and *Gilbert* are not binding, even though the pretrial confrontation occurred after the date of those decisions. There remains for consideration the question of whether the pretrial identification was so unnecessarily suggestive and conducive to mistaken identification that the defendant was denied due process of law. (*Stovall* v. *Denno,* 388 U.S. 293, 301,

18 L. Ed. 2d 1199, 1206, 87 S. Ct. 1967, 1972.) We find no unfairness here which would deprive defendant of due process. We also find that the identification of the defendant's photograph and the fact that the driver had ample opportunity to observe the defendant, provide an adequate independent basis for the courtroom identification. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.