People of the State of Illinois, Plaintiff-Appellee, v. Raymond Morgan, Defendant-Appellant.

Gen. No. 52,614.

First District, First Division.

February 26, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Joel M. Flaum, and James B. Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was charged with the crimes of unlawful possession of a narcotic drug and armed robbery, to which he pleaded not guilty. The jury found him guilty in manner and form as charged in the indictment and the court sentenced him to serve a term of not less than one year and not more than ten years in the penitentiary. The record and briefs submitted by the appellant and appellee are silent as to what action, if any, was taken with reference to the unlawful possession of a narcotic drug charge and appellant does not raise it on appeal. We are therefore not considering it. Defendant presents four issues on appeal:

1. Admission of a statement allegedly made by the defendant without the court first determining the admissibility of said statement.

2. Identification of the defendant by the complaining witness at the show-up and at the trial were the result of a procedure so suggestive that defendant was denied due process.

3. Defendant was not proven guilty beyond a reasonable doubt.

4. Court's instruction, which assumed controverted facts to be true, was in error.

On January 6, 1967, at about 9:15 a. m., a man entered a grocery store of Mrs. Lorraine Schuett at 1027 Sherman Avenue, Evanston, Illinois. She was alone. He placed a white handkerchief on his face, drew a pistol and approached Mrs. Schuett, pointing the gun at her. She backed away from him and lay down on the floor behind a counter. She heard the cash register open and close. He stood near her over the counter. She heard a click of the gun. He told her to lie there for ten minutes or he would be back. Mrs. Schuett testified, "After the robber left the store, I noticed some money was gone. Between fifty and sixty one-dollar bills and two five-dollar bills."

Mrs. Schuett called the police, giving them a description of a man who was a negro, wearing a narrow brim dress hat and a light beige overcoat, dark dress trousers, black shoes and stockings, and sunglasses. Officer Edward McCarthy and his partner received a call about the robbery and proceeded to the Main Street "L" station, which is two to three and a half blocks away from the store which was robbed. McCarthy saw a man on the "L" platform who fit the description of the robber and arrested him. Upon searching him the officer found a revolver. The alleged robber, who is now the defendant, was taken to the Schuett store about 9:30 a. m., where Mrs. Schuett identified him as the man who robbed the store. She noted at the time that the defendant was not wearing sunglasses. The officer found a pair of

199

■

sunglasses on the person of the defendant, which Mrs. Schuett identified as those worn by the robber.

When the defendant was taken to the police station he had in his possession $67.15, consisting of fifty three one-dollar bills and two five-dollar bills and some change. He told Officer McCarthy about 11:00 a. m. that morning that he had won the money in a card game.

At the trial, defendant denied that he robbed the grocery store. He testified that he came to Evanston on the morning of January 6, to look for a part-time job. He was employed by the Cook Chocolate Company in Chicago from 10:00 a. m. to 7:30 p. m. He did not know the name of the company where he tried to get the part-time employment. Actually, he did not go in to inquire, because he met a man who told him they were not hiring. He testified that the money he was carrying was part of his paycheck, which he had cashed two days before, and the predominant amount consisted of singles. He admitted carrying the gun, explaining that it was for self-protection.

■ We are mindful of the fact that the prosecution and defense stipulated that the pretrial statements of the defendant to Officer McCarthy would not be offered in evidence. However, after defendant denied that he had told Officer McCarthy that the money found on his person was the proceeds of a check he had cashed two days earlier and was not the money he said he had won in a card game, the defendant opened the door to a conversation to which he is now objecting on appeal. The State then called Officer McCarthy in rebuttal. Furthermore, prior to McCarthy's rebuttal testimony, the Assistant State's Attorney informed defense counsel that McCarthy would be called to refute the defendant's testimony. In our judgment, defendant's statement was not an admission of the offense. Actually, defense counsel did not object to McCarthy's rebuttal.

200

No motion to suppress defendant's statement was made, nor was there a request for a hearing on the admissibility of McCarthy's rebuttal testimony. The record shows the following rebuttal testimony of Officer McCarthy:

Q. "And, Officer McCarthy, you testified on direct examination that the defendant had $67.15 on his person?"

A. "That's correct."

Q. "Did Mr. Morgan make any statements regarding where he had obtained this money?"

A. "He did."

Q. "Where was that statement made sir?"

A. "The statement was made in the police station."

Q. "This is on the day of the arrest?"

A. "It was."

Q. "Who was present?"

MR. BANKS (defense counsel): "I will enter an objection."

THE COURT: "Objection overruled."

THE WITNESS: A. "Myself, Officer Torben Nielsen, Sergeant Jerome DeGross, Officer Harry Heines and Officer Steinbach."

Q. "And would you tell us what the defendant said, sir?"

A. "In regard to where he got the money?"

Q. "Yes."

A. "He said to me that he won it in a card game."

Defense counsel, after saying "I will enter an objection" gave no reason for the objection. It appears that he was objecting to the question "Who was present?" When the court overruled the objection, there was no further objection. Such an objection, when not accompanied by supporting reason, cannot be later raised on appeal. Failure to object specifically at the trial is a waiver of the

issue on appeal. People v. Merrill, 76 Ill App2d 82, 221 NE2d 145 (1966) ; People v. Myers, 94 Ill App2d 340, 236 NE2d 786 (1968) ; Wigmore, Evidence, § 18 (3rd ed, 1940).

■ The cases cited by defendant in which convictions were reversed because no hearing on admissibility was conducted do not apply and are distinguishable on their facts from the instant case. In all of them, the trial court was apprised of defense counsel's request for a ruling outside of the jury's presence on the admissibility of the statements of the defendants. All of them involved admissions of the offenses. In the instant case, we have testimony of the defendant which was admitted for impeachment purposes. This statement was not an admission of the offense defendant was charged with.

■ Defendant was apprehended within a short distance of the store within ten minutes after the robbery. The complaining witness, who was in the store where the robbery took place, identified the defendant fifteen minutes after the robbery and also made an in-court identification. Defendant contends this denied him due process and that he was not proven guilty beyond a reasonable doubt. The complaining witness' description of the robber fit the defendant as to his appearance and clothing. She was not emotionally upset at the time and did not hesitate when she recognized him. She told police that the robber wore sunglasses and although the defendant wore no glasses at the time he was brought to the store by the police, he did have glasses in his pocket. When the glasses were put on him, the complaining witness positively identified him. The manner of identification applies only to the weight of identification and not its competency. People v. Brinkley, 33 Ill2d 403, 211 NE2d 730 (1965) People v. Newsum, 98 Ill App2d 219, 240 NE2d 780 (1968).

"Reasonable confrontation of this type, in the course of (or immediately following) a criminal episode, seem to us to be wholly different from post-indictment confrontations (such as those in the Wade and Gilbert cases) in serious crimes after a significant interval of time, and in the absence of already appointed counsel." Commonwealth v. Bumpus, 354 Mass 494, 238 NE2d 343 (1968).

We find no merit in defendant's objections and conclude that the trial court did not err. In our opinion United States v. Wade, 388 US 218 (1967); Gilbert v. California, 388 US 263 (1967); Stovall v. Denno, 388 US 293 (1967), present different factual situations and have no application to the instant case.

■ We agree with defendant's contention that a judgment of conviction can be sustained only on credible evidence and must rest on the strength of the prosecution's case and not on the weakness of the defendant's case. We have evidence of a description of the defendant which fits him as to his appearance and clothing. The identification almost immediately after the robbery is positive and unequivocal. At the time of his arrest, the defendant had on his person certain money which corresponded to the amount and denominations which was in the register prior to the robbery. His explanation of the money he had was impeached. He had a pistol, a white handkerchief and sunglasses which were found on his person after the arrest. The defendant said he worked in Chicago from 10:00 a. m. to 7:30 p. m. He was in Evanston, which is quite a distance from his place of employment, at about 9:00 a. m., seeking another job at a place which he could not identify. The sum total of the circumstances surrounding this robbery lead to the conclusion that the jury's verdict was based on evidence which found him guilty beyond a reasonable doubt.

The defense lastly contends that the trial court erred in giving an instruction which assumed controverted facts to be true. Specifically, defendant objected to the following instruction:

"(T)he exclusive possession, shortly after the commission of a larceny, robbery or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts or circumstances in evidence, which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

The trial court overruled the objection and the instruction was given. This instruction was affirmed in People v. Stone, 349 Ill 52, 181 NE 648 (1932) and in People v. Carvin, 20 Ill2d 32, 169 NE2d 260 (1960). ██ ██ The defendant calls our attention to People v. Morris, 9 Ill2d 359, 137 NE2d 840 (1956), in which an instruction similar to the one questioned in the instant case was criticized and the judgment of the trial court, finding the defendant guilty was reversed. In the Morris case one of the controverted questions was whether a confession had been made. The trial court instructed the jury as follows:

"There has been admitted in evidence in this case a confession. It is for the jury to determine from all the facts and circumstances in the case what weight or credit shall be given by them to this confession, and shall be considered by the jury with all the other evidence in the case in determining the guilt or innocence of the defendant."

This instruction was bad, for it said that a confession had been admitted into evidence despite the defendant's denial that he had confessed. In the instant case, the

question whether the property was stolen was left to the jury. If this point needed clarification, defendant could have tendered another instruction. The failure to give such instruction is not error where the defendant did not request that it be given. "The trial judge has no duty to give instructions on his own motion where defendant does not request them." People v. Carvin, supra, page 36.

We have examined the entire record and conclude that the defendant had a fair trial and that he was found guilty on proper evidence.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.