**UNITED STATES of America ex rel. Anthony WILLIAMS, Petitioner,**

v.

**Frank J. PATE, Warden, Respondent.**

**No. 70 C 380.**

United States District Court,
N. D. Illinois, E. D.
May 1, 1970.

---

**22.** Skibs A/S Siljestad v. S.S. Mathew Luckenbach, 324 F.2d 563, 564 (2d Cir. 1963).

James B. Haddad, Chicago, Ill., for Anthony Williams.

William J. Scott, Atty. Gen., Warren K. Smoot, Asst. Atty. Gen., Chicago, Ill., for Warden Pate.

## MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS

ROBSON, Chief Judge.

Petitioner, an inmate of the Illinois State Penitentiary, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to attack his 1968 conviction in the Circuit Court of Cook County for attempted aggravated kidnapping. He presently has a direct appeal pending in the Illinois Appellate Court, First District, and respondent has moved to dismiss for petitioner's failure to exhaust available state remedies as required by 28 U.S.C. § 2254(b). This court is of the opinion that the motion should be granted.

Petitioner's sole contention in this action is that he was deprived of his right to counsel at a line-up conducted after his arrest but prior to his indictment or arraignment, and that in court identifications of him by witnesses present at the line-up were improper. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and United States v. Broadhead, 413 F.2d 1351 (7th Cir. 1969). In opposition to the motion to dismiss, petitioner argues that the Illinois Supreme Court, contrary to the decisions in *Wade* and *Gilbert* and the interpretations placed on those cases by the federal courts (i. e., United States

v. Broadhead, *supra*), has determined that the above cases are not binding as to pre-indictment confrontations. He cites People v. Palmer, 41 Ill.2d 571, 572–573, 244 N.Ed.2d 173 (1969), and People v. Cesarz, 44 Ill.2d 180, 183–184, 255 N.E.2d 1 (1969). He urges that exhaustion of his state appellate remedies in light of the Illinois Supreme Court's position would be futile and therefore that his state remedies would be ineffective under Section 2254(b).

Although there appear to be no cases in this District or Circuit on the issue, other federal courts have fashioned a "futility exception" to the Section 2254 exhaustion requirement. *See, e. g.,* Lucas v. People of State of Michigan, 420 F.2d 259 (6th Cir. 1970); Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967). These cases hold that, where petitioner's state appellate remedies are open but are ineffective because the highest state court has determined the law clearly contrary to petitioner's contentions and there is no indication that the court is prepared to depart from its prior decisions, exhaustion would not be required. The courts reason that this would be "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner" within the meaning of Section 2254(b). Lucas v. People of State of Michigan, *supra.*

This court does not find that petitioner's remedies here are clearly ineffective or futile. The Illinois Supreme Court has stated in *Palmer* that *Wade* and *Gilbert* do not apply to pre-indictment confrontations, but in the context of the case such a broad statement was unwarranted. Neither *Palmer* nor *Cesarz* involved in actual line-up, and *Cesarz* concerned an identification made prior to arrest while the defendant was in a crowd at a motel swimming pool. Since the fact situation alleged here presents a much clearer case, the appeal does not appear to be so clearly futile that exhaustion should be excused. Rather, comity would dictate that federal intervention be withheld and the Illinois Supreme Court be permitted to pass on the

merits of petitioner's claim in light of more recent federal decisions and the present fact situation.

It is further apparent that all of petitioner's contentions have not been decided adversely to him by the Illinois courts. Assuming the state courts abide by the *Palmer* dictum, the courts may still apply a totality of circumstances test to the line-up and subsequent identifications. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); People v. Lee, 44 Ill.2d 161, 168–169, 254 N.E.2d 469 (1969). Additionally, petitioner has presented other contentions in his state appeal, not made here, which may result in his release and which should be passed on by the Illinois courts.

It is ordered therefore that respondent's motion to dismiss be, and it is hereby, granted and that the cause be, and it is hereby, dismissed.