THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY EVANS (Impleaded), Defendant-Appellant.

(No. 54305;

First District—April 1, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Larry Evans, was charged with the crime of armed robbery. After a bench trial, he was found guilty of that charge and sentenced to a term of 6 to 8 years. On appeal defendant contends that the trial court erred in permitting the complaining witnesses to make in-court identifications of him, and also that he was not proved guilty beyond a reasonable doubt.

Prior to trial, defendant made a motion to suppress the identifications. After a hearing, the trial court found that the lineup confrontation was not unduly suggestive, but relying on *United States v. Wade* (1967), 388 U.S. 218, and *Gilbert v. California* (1967), 388 U.S. 263, suppressed the lineup identification solely on the grounds that defendant had not been afforded counsel. (It should be noted that the instant order was entered prior to the holding by the Illinois Supreme Court that the *Wade* rule applied only to post-indictment lineup confrontations. (*People v. Palmer* (1969), 41 Ill.2d 571, 244 N.E.2d 173.)) While suppressing the lineup identification testimony, the trial court denied defendant's motion to suppress the in-court identifications of the complaining witnesses.

In Illinois, even where a lineup confrontation is suppressed, a subsequent in-court identification may nevertheless be admissible if the State is able to show by clear and convincing evidence that such in-court identification had an independent origin, arising from an uninfluenced observation of defendant. (*People v. Cook* (1969), 113 Ill.App.2d 231, 252 N.E.2d 29; *People v. White* (1969), 116 Ill.App.2d 180, 253 N.E.2d 654.) Thus the issue presented in the instant case is whether the State showed that the witnesses had an adequate basis for the in-court identification independent of the suppressed lineup identification. At the hearing

on the motion to suppress, the following evidence was adduced by the State.

On July 25, 1968, at about 10:30 P.M., John Tolbert and his nephew, Floyd Stevenson, were robbed at their ice cream vending truck which was parked at a curb. While Stevenson was away from the truck, a man subsequently identified as McCarthy (a co-defendant not involved in this appeal) entered the truck. McCarthy falsely identified himself as a police officer and inquired as to whether Tolbert had a proper license. As Tolbert was replying, Stevenson returned to the truck. McCarthy displayed a knife and ordered both men to sit down on the floor of the truck. When Tolbert hesitated, McCarthy told the other assailant subsequently identified as defendant, who was standing outside the truck, to give him a gun. Defendant then entered the truck, sat behind the wheel and tried to drive the vehicle away. When the engine would not start, the robbers took the victims' cash and fled. The truck had lights on the outside, and also on the inside. The two victims drove the truck around until they found police officers. The officers took a description of the robbers, and drove around the neighborhood for a short time until they found two men matching those descriptions. They then arrested McCarthy and defendant.

At the hearing, Stevenson testified that as he returned to the truck, he observed defendant standing outside for three or four minutes. He again observed defendant inside the truck. As defendant tried to start the truck, he kept looking back, and Stevenson was able to observe him for about five minutes. Tolbert testified that the first time he observed the defendant was when the defendant and his accomplice approached the side window of the truck. He stated that both the inside and outside lights on the truck were turned on. He further testified that he had a clear and unobstructed side view of the defendant as the defendant entered the truck. Both victims testified that defendant was a Negro, small, about 5'6" tall, weighing about 130 pounds, with reddish brown processed hair, wearing a black silk shirt and blue pants. Both men also testified that they gave the above descriptions to the police officers.

Officer Davis testified that he and his partner were able to arrest defendant and McCarthy as a result of the descriptions furnished by the victims. He recalled only that they stated that defendant had processed hair.

■■ It seems apparent to us that both victims clearly demonstrated that their in-court identifications of defendant had an independent origin arising from uninfluenced observation. Both men had excellent opportunities under good lighting conditions to observe defendant at close range. While Tolbert testified that his view of defendant was from the side, he

also testified that he viewed defendant for about ten minutes, and positively identified him. Stevenson testified that he observed defendant for several minutes both inside and outside the truck. Moreover both men gave rather detailed descriptions of defendant, and those descriptions were never challenged. We find that the trial court properly permitted the victims to make in-court identifications of defendant.

Defendant also argues that he was not proved guilty of the crime beyond a reasonable doubt. Substantially the same evidence was offered by the State at the trial as had been presented at the hearing on the motion to suppress the identifications. Defendant did not testify at trial, nor did he offer any testimony in his behalf.

■■ It is so fundamental as not to require citation that the adequacy of an identification raises a question of credibility of the witnesses which is a matter for the determination of the trier of fact with his superior opportunity not only to hear the testimony of the witnesses but to observe their demeanor on the witness stand. As we have stated, two witnesses with an excellent opportunity for definite observation positively identified defendant as one of the perpetrators of the armed robbery in question. The trier of fact accepted their testimony, and we see no reason to disturb his determination.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.