THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM DEAN TRENTER, Defendant-Appellant.

(No. 11446;

Fourth District—September 20, 1972.

*Rehearing denied October 24, 1972.*

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Gerald Lanter, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

A jury found defendant guilty of armed robbery and he was sentenced to a term of four to ten years. He appeals.

It is urged that the court erred in refusing to suppress the in-court identification of defendant because the eyewitness had been shown photographs under suggestive conditions; that it was error to refuse to suppress evidence of a line-up identification where defendant's requested counsel was not present; that the court refused to permit impeachment of the eyewitness at a hearing on suppression of evidence of identification and erred in permitting hearsay testimony of the police officer corroborating the eyewitness identification.

Esther Lowe, employed as a bookkeeper and clerk, was alone on duty at the lobby counter of a motel. At about 1:00 A.M., March 11, 1970, two men entered the lobby, confronted her with guns across the counter and robbed her of the currency in the cash register. Immediately after they departed, she ran to the door and saw them disappearing on foot. Sheriff's officers were called and Lowe gave a description of the physical appearance, clothing and such words as were spoken by the defendant.

Upon radio report, three men were stopped by city police within a short time. The eyewitness saw these men in line-up and refused to identify them. Later a deputy sheriff brought two photographs of men but she refused to identify either. Later she examined numerous photographs in police "mug" books without making an identification.

On March 13th, Deputy Tuttle brought a stack of 12 or 14 photographs to the motel and Lowe immediately identified the defendant as being shown by the top or first picture in the stack. She also examined all of the photographs as spread out, but made no further identification. Early on the morning of March 14th, defendant was picked up with three others in a trailer and taken to the jail. It appears that no one was charged with this armed robbery. These four men together with others to make a number of eight or ten, were placed in a line-up. Lowe observed this line-up through a glass in the door and immediately identified defendant. Defendant was then charged with this armed robbery. Sometime thereafter a second line-up of ten or twelve men was arranged and Lowe immediately identified defendant as one of the robbers, and also identified one Baker in this line-up as the second of the robbers.

The testimony of the defendant and of certain of those taken from the trailer to the line-up is that they asked for an attorney or to call an attorney. The record does not make clear any specific response. As to the second line-up, the defendant admits a waiver of the right to counsel's presence at the line-up.

Following a hearing on the motion to suppress the eyewitness identification, the trial court ruled that the line-up procedure was not unduly prejudicial, that the line-up itself was an investigative procedure and not a critical stage in criminal proceedings. The record shows that in ruling upon a motion of the co-defendant heard separately and upon substantially the same evidence, the court made a more specific finding that the failure to advise of the right to counsel or to provide counsel at the pre-indictment line-up was not a violation of the Illinois constitution or of the several amendments of the United States constitution. The record shows that the court relied upon *People v. Palmer,* 41 Ill.2d 571, 244 N.E.2d 173; *People v. Branscomb,* 116 Ill.App.2d 385, 254 N.E.2d 126; and *People v. Kirby,* 121 Ill.App.2d 323, 257 N.E.2d 589.

In *Kirby* the eyewitness testified both to an in-court identification and identification made at a show-up. Defendant contended that under *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, the identifications made in the absence of advice as to the right to counsel must be excluded. The court, relying upon *Palmer,* determined that the rule of *Wade* and *Gilbert* applied only to post-indictment confrontations. The United States Supreme Court granted *certiorari* (29 L.Ed.2d 160) limited to the question:

> "Whether due process requires that an accused be advised of his right to counsel prior to a pre-indictment showup at a police station several hours after his arrest and forty-eight hours after the alleged crime occurred."

*Kirby v. Illinois,* (U.S.), (92 S.Ct.), 32 L.Ed.2d 411, affirmed our Appellate Court. The Supreme Court expressly declined to impose a *per se* exclusionary rule concerning testimony of identification that took place prior to the commencement of adversary proceedings by way of formal charge, preliminary hearing, indictment or information. It was said that the right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution arises only at or after initiation of adversary proceedings. The record is clear that defendant was not charged with this offense until after the identification in the first line-up, while he admits waiving presence of counsel in the second line-up.

The conclusion is not modified by reason of the fact that defendant may have asked for his attorney prior to the first line-up. *Kirby v. Illinois*

points out that *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977; and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were designed to protect against self-incrimination during custodial interrogation rather than to vindicate the right to counsel under the Sixth and Fourteenth Amendments.

We review the record to determine whether there has been such an abuse of identification proceedings through unnecessarily suggestive methods as to bring irreparable mistaken identification and thus violate due process. *Kirby v. Illinois*, 32 L.Ed.2d 411 at p. 418.

■■ As to the showing of the package or series of photographs from which defendant was initially identified, it is apparent that there existed the element of necessity in the sense that no person had been then identified in any way as the robber. (*Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.) Considering the totality of circumstances in evidence, it is difficult to perceive that the position of defendant's picture as the top one was substantially more than chance. We note that in *Simmons*, the pictures displayed were, in fact, connected with the defendant who had been identified by name through the automobile registration. Within the tests of *Simmons*, Lowe faced defendant between a minute and one-half to two minutes across a counter which was two and one-half feet wide. The lobby is described as being well-lighted. The record shows that recognition and identification by the eyewitness, both in the photograph and in the line-up, was instantaneous upon seeing defendant. Lowe never identified any other person than the defendant as the robber with the exception, of course, of her identification of a co-defendant. She had consistently refused to identify any other person either through photographs or in several line-ups, which suggests that there was no sense of pressure or eagerness to find a scapegoat. See *People v. Eubank*, 46 Ill.2d 383, 263 N.E.2d 869.

We have examined defendant's argument concerning the eyewitness's description of defendant and how such might be found to be erroneous. From the record such arguments are not persuasive. It is urged that while Lowe described defendant as having a mustache, she failed to state to the investigating officer that he had a beard or a goatee. Upon the motion to suppress she was not asked concerning this issue. At the trial she stated that he had a mustache and his face was not shaved. On cross-examination she described it as hair on the face but not a beard. Defendant called a witness who testified to having noticed defendant's beard and goatee on the day before defendant was arrested. This witness, however, failed to remember he was then wearing a mustache. We have examined the photograph of defendant taken on March 15, 1970. If it be assumed that it substantially reflects his appear-

ance on the date of the robbery, the witness's description seems more precise than that of counsel in argument.

■■ It is urged that the court refused to permit defendant to cross-examine in an attempt to impeach the eye-witness at the hearing on the motion to suppress identification. The record shows that defendant's motion to suppress was not then on file, but that defendant's counsel attempted to conduct such examination at the hearing on the motion of co-defendant Baker, who had called Lowe. At the subsequent hearing upon defendant's own motion, the eyewitness was not called by the defendant, but her testimony as given in the other hearing was adopted by him. We find no error in the court's ruling under these circumstances. The record also shows extended cross-examination upon matters of the eyewitness's identification at and during the trial.

■■ It is urged that the court erred in admitting the hearsay testimony of Deputy Tuttle that Lowe identified defendant both in a photograph and in the line-up. The eyewitness had already testified and had been cross-examined at length upon her identification. No objection was made at the time of the Tuttle testimony and the issue was not raised in the motion for a new trial. The point will not be considered upon the authority of *People v. Eubank,* 46 Ill.2d 383, 263 N.E.2d 869; *People v. Sails,* 133 Ill.App.2d, 273 N.E.2d 188. We note also the authority of *People v. Lowe,* 112 Ill.App.2d 399, 251 N.E.2d 329, holding that such testimony was not prejudicial where merely cumulative to the testimony of other witnesses.

Upon consideration of the whole record we are persuaded that the in-court identification had an origin independent of either the photograph or the line-up and that no factors are present which persuade that the procedures were conducive to an irreparable mistake in identification.

The judgment is affirmed.

Judgment affirmed.

CRAVEN and SIMKINS, JJ., concur.